# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH NAPOLEON WARREN III,

    Petitioner

v.

HOWELL, et al.,

    Respondents

Case No.: 2:19-cv-01113-JAD-NJK

**Order Dismissing Case and Denying Motion for Appointment of Counsel**

[ECF Nos. 1, 3, 7]

Petitioner Joseph Napoleon Warren, III petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.[1] I issued an order to show cause as to whether the petition should be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations.[2] In the show-cause order, I noted that it appeared from the state-court record that AEDPA's deadline for Warren to file a federal habeas petition had expired nearly twenty-six years before Warren filed this petition.[3] Because Warren has failed to demonstrate that his petition was filed within the limitations period or that he is entitled to equitable tolling of the AEDPA deadline, I dismiss his petition.

## Discussion

Warren responds to the show-cause order by contending that he is entitled to equitable tolling of the one-year limitations period on the basis of the "magnitude of the constitutional violations" in his case.[4] He asserts that the guilt and penalty phases of his trial should have been

---
[1] ECF No. 1-1.
[2] ECF No. 6.
[3] *Id.*
[4] ECF No. 7 at 2.

bifurcated and that the prosecutor committed misconduct.[5] He also includes as exhibits the jury instructions from the trial against him, excerpts from the trial transcript, the jury verdict, and the case summary.[6] But Warren does not attempt to explain how he diligently pursued his rights or how some extraordinary circumstance stood in his way during these intervening decades.[7] His response is silent as to why he did not pursue federal habeas relief earlier.[8]

I find that Warren has failed to demonstrate a sufficient basis for equitable tolling or to otherwise excuse the delay. Because Warren's federal habeas petition was untimely filed, and because Warren has not shown that he is entitled to statutory or equitable tolling, I dismiss Warren's petition as untimely.

IT IS THEREFORE ORDERED that the petition **(ECF No. 1-1) is DISMISSED with prejudice**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because jurists of reason would not find the court's dismissal of this decades-late petition to be debatable or incorrect.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(ECF No. 3) is DENIED** as moot.

---

[5] *Id.* at 3.

[6] *Id.* at 6–29.

[7] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Calderon v. U.S. Dist. Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. U.S. Dist. Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).

[8] *See* ECF No. 7.

IT IS FURTHER ORDERED that the Clerk of Court is directed to DETACH AND FILE THE PETITION (ECF No. 1-1), ENTER JUDGMENT accordingly, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
October 28, 2019